UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GEN ADS, LLC, et al., | |
| Plaintiffs, | |
| v. | CASE NO. C06-137JLR |
| ANDREW BREITBART, et al. | ORDER |
| Defendants. | |

## I. INTRODUCTION

This matter comes before the court on a motion to dismiss from Defendants Andrew Brietbart, Susannah Breitbart, and their marital community (collectively, "the Moving Defendants") for lack of personal jurisdiction (Dkt. # 14). The court has considered the parties' briefing and accompanying declarations and finds the matter appropriate for disposition on the papers and without oral argument. For the reasons stated below, the court GRANTS in part and DENIES in part the motion to dismiss.

## II. BACKGROUND

California resident Andrew Breitbart is a principal of Breitbart.com, LLC ("Breitbart.com," f/k/a Breitbart.com, Inc.), which owns and operates a website (www.breitbart.com) that attracts significant Internet traffic from the popular online news

ORDER – 1

source, "The Drudge Report." Seeing great revenue potential based on the number of visitors to the website, in September 2005, three parties to the present litigation contracted to form an internet advertising firm, Plaintiff Gen Ads, LLC ("Gen Ads"). The three signatories to the contract ("the LLC Agreement") included: Plaintiffs Cartmell Holdings, LLC ("Cartmell") and Hillstrom Equities, LLC ("Hillstrom"), and Defendant Breitbart Holdings, Inc. ("Breitbart Holdings"). In early November 2005, the newly formed Gen Ads entered into an exclusive advertising services agreement ("Advertising Agreement") with Breitbart.com, whereby Gen Ads agreed to arrange for all advertising on the website. Both the LLC Agreement and the Advertising Agreement contain forum selection clauses designating Washington as the proper forum for any dispute arising out of the respective agreements.

Mr. Breitbart signed the LLC Agreement on behalf of Breitbart Holdings and the Advertising Agreement on behalf of Breitbart.com. Today, Mr. Breitbart is the CEO and President of Breitbart Holdings. Defs.' Mot at 5. At the time he signed the LLC Agreement, however, Breitbart Holdings had not incorporated under such name; rather Mr. Breitbart was affiliated with Breitbart.com, Inc. In any event, some months after Gen Ads formed, Mr. Breitbart filed a certificate of amendment changing the name of Breitbart.com, Inc. to Breitbart Holdings. Plaintiffs characterize Mr. Breitbart's signature on the LLC Agreement as an act on behalf of a non-existent entity (thus, triggering personally liability), while the Moving Defendants consider Breitbart Holdings to have undergone nothing more than an innocuous name change.

Sometime during negotiation and execution of the LLC Agreement, Breitbart.com entered into an agreement with third-party news source, Reuters, to post links to Reuters' stories from the Breitbart.com website. According to Plaintiffs, Mr. Breitbart entered

ORDER – 2

into negotiations with Reuters to generate this "advertising" revenue at the same time he was arranging for Gen Ads' right to exclusive advertising.

Gen Ads, Cartmell, and Hillstrom filed suit against Breitbart.com, Breitbart Holdings, and Mr. and Mrs. Breitbart and their marital community. As to Mr. Breitbart, Plaintiffs allege that he violated the Advertising Agreement, breached his fiduciary duty, and committed fraud. Plaintiffs also claim that Mr. Breitbart has used Gen Ads' copyrighted code in placing advertisements on the Breitbart.com website. Plaintiffs contend that Mr. Breitbart engaged in such acts for the benefit of his marital community, and thereby name Mr. and Mrs. Breitbart and their marital community as Defendants in this action. The Moving Defendants now seek dismissal of the action against them for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) ("Rule 12(b)(2)"). The non-Moving Defendants, Breitbart.com and Breitbart Holdings, do not contest personal jurisdiction for the purposes of this lawsuit.

### III.  DISCUSSION

When a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff must make a prima facie showing of personal jurisdiction to survive the motion. Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd., 328 F.3d 1122, 1128-29 (9th Cir. 2003). The plaintiff must provide evidence that, if believed, would support the court's exercise of jurisdiction over the defendant. Id. at 1129. The court need not accept the plaintiff's bare allegations if the defendant controverts them with evidence. See AT&T Co. v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588 (9th Cir. 1996). If both parties provide evidence supporting different versions of a fact, however,

ORDER – 3

the court must resolve competing inferences in the plaintiff's favor. Harris Rutsky, 328 F.3d at 1129.[1]

Where no applicable federal statute addresses the issue, a court's personal jurisdiction analysis begins with the "long-arm" statute of the state in which the court sits. Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co., 284 F.3d 1114, 1123 (9th Cir. 2002). Washington's long-arm statute extends the court's personal jurisdiction to the broadest reach that the United States Constitution permits. Shute v. Carnival Cruise Lines, 783 P.2d 78, 82 (Wash. 1989). Therefore, this court determines whether exercising jurisdiction over the Moving Defendants comports with federal due process. Glencore Grain, 284 F.3d at 1123. Federal due process requires that nonresident defendants have sufficient minimum contacts with the forum state such that the exercise of jurisdiction will not offend "traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).

A court can exercise its power over a non-resident defendant (absent the defendant's consent) only if it has specific or general jurisdiction. Bancroft & Masters, Inc. v. Augusta Nat'l, Inc., 223 F.3d 1082, 1086 (9th Cir. 2000). Where a defendant has "substantial" or "continuous and systematic" contacts with the forum state, it is subject to general jurisdiction, and can be haled into court on any action, even one unrelated to its contacts. Id. If a defendant is not subject to general jurisdiction, it may be subject to specific jurisdiction if the action upon which it is sued arises from its contacts within the forum state. Id.

---

[1] A preponderance of evidence standard applies where the court holds an evidentiary hearing to address personal jurisdiction. Data Disc, Inc. v. Sys. Tech. Assocs., Inc., 557 F.2d 1280, 1284-85 (9th Cir. 1977). Neither Plaintiffs nor the Moving Defendants have requested an evidentiary hearing.

ORDER – 4

The Ninth Circuit applies a three-part test to determine specific jurisdiction. Specific jurisdiction exists if (1) the defendant has performed some act or consummated some transaction within the forum or otherwise purposefully availed himself of the privileges of conducting activities in the forum, (2) the claim arises out of or results from the defendant's forum-related activities, and (3) the exercise of jurisdiction is reasonable. Id. at 1086. If the plaintiff meets his burden on the first two parts of the test, the burden shifts to the defendant to satisfy the third part by presenting a "compelling case" that the exercise of jurisdiction is unreasonable. Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir. 2002) (citation omitted).

**A.     Jurisdiction Over the Marital Community**

At the outset, the court notes that although community property can be held liable for an obligation incurred by one spouse for the benefit of the community, the marital community is not a separate legal entity from the spouses. Cf Bortle v. Osborne, 285 P. 425, 427 (Wash. 1930) ("[W]e have never held that a partnership or a marital community is a legal person separate and apart from the members composing the partnership or community."). Under California law,[2] jurisdiction over one spouse binds the community assets. Cal. Fam. Code § 910 ("community estate is liable for debt incurred by either spouse . . . regardless of whether one or both spouses are parties . . . to a judgment for the debt."). Thus, it is unnecessary to discuss personal jurisdiction as it relates to the marital community; rather, the court assesses each spouse's contacts with the forum state.

---

[2] In this case, California law governs the question of whether the marital community is bound by the business negotiations and contracts executed by one spouse. See G.W. Equipment Leasing, Inc. v. Mt. McKinley Fence Co., 982 P.2d 114, 117-118 (Wash. App. 1999) (applying Arizona law to determine whether the marital community would be bound by an Arizona spouse's guaranty agreement).

ORDER – 5

**B.     Specific Jurisdiction Over Andrew Breitbart**

Plaintiffs allege that Mr. Breitbart is a party to the contract, subject to the forum-selection clause, because he acted in his individual capacity by negotiating and signing a contract on behalf of a non-existent corporate entity (Breitbart Holdings, prior to incorporation).  Plaintiffs also allege that Mr. Breitbart breached his fiduciary duty to Gen Ads and made false representations in contract negotiations when, at the same time he negotiated with them, he held discussions with Reuters for advertising on the Breitbart.com website.  The Moving Defendants contend that, although Mr. Breitbart signed the contracts on behalf of the two companies that share his name, he is not subject to this court's jurisdiction because he is not a party to the contracts and because he conducted his business inside and from California, not Washington.

Plaintiffs have succeeded in making out a prima facie case of specific jurisdiction over Mr. Breitbart.  As to the first prong, the court is persuaded that Mr. Breitbart's conduct was such that he should have reasonably anticipated being haled into a Washington court.  Mr. Breitbart personally negotiated and signed a contract with a Washington company (Cartmell) to form another Washington company (Gen Ads), disputes over which the contracting parties agreed would be governed by Washington law and litigated before a Washington tribunal.  See Burger King v. Rudzewicz, 471 U.S. 462, 472 (1985) (choice-of-law clause is a factor to consider when making jurisdictional determinations); Heller Fin., Inc. v. Midwhey Powder Co., 883 F.2d 1286, 1290-92 (7th Cir. 1989) (forum-selection clause presumes a party's consent to personal jurisdiction).

Even if the court assumes (for now) that Mr. Breitbart is not a party to the contract, but that he acted simply as an agent of Breitbart Holdings or Breitbart.com, the court finds sufficient minimum contacts.  The Moving Defendants are correct that jurisdiction over a corporation does not necessarily mean that the court has power over

ORDER – 6

the entity's nonresident officers, directors, agents or employees acting in their official capacities. Davis v. Metro Prods., Inc., 885 F.2d 515, 520 (9th Cir. 1989) (discussing generally the common-law "fiduciary shield" doctrine). At the same time, however, the corporate form does not automatically shield a nonresident officer or agent, like Mr. Breitbart, who otherwise has sufficient contacts with the forum state. Id. at 521. At the very least, as to Plaintiffs' causes of action for fraud and breach of fiduciary duty, it is Mr. Breitbart's alleged wrongdoing that is at issue, not the mere fact that he signed a contract as President, member, promoter or in some other capacity related to Breitbart Holdings or Breitbart.com. See Bancroft, 223 F.3d at 1087 (personal jurisdiction exists where defendant engages in "allegedly wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state"). Stated another way, Mr. Breitbart is not being haled into a Washington court as a result of "random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or third person," Burger King, 471 U.S. at 475, but by allegations related to his own course of action directed at Gen Ads, a Washington company. The court finds unavailing the Moving Defendants' argument that personal jurisdiction is improper because Mr. Breitbart has not visited Washington since he was a young boy. A defendant's physical presence in the state is not required, as long he "purposely directed" efforts toward the forum. Burger King, 471 U.S. at 476.

The second prong of the Ninth Circuit test is easily met. To establish that a claim "arises out of forum-related activities," a court must determine "whether [a plaintiff's] claims would have arisen but for [a defendant's] contacts with" the forum state. Doe v. Unocal Corp., 248 F.3d 915, 924 (9th Cir. 2001). Here, the contact with the forum state is Mr. Breitbart's alleged conduct related to negotiating contracts to form and partner

ORDER – 7

with Gen Ads. The conduct surrounding the contracts form the basis of Plaintiffs' complaint.

As to the third prong, Mr. Breitbart fails to make a "compelling case" that the exercise of jurisdiction is unreasonable. Schwarzenegger, 374 F.3d at 802. The Ninth Circuit has set forth a universe of factors for the court to consider in determining whether the exercise of jurisdiction over a nonresident defendant satisfies the reasonableness test: (1) the extent of the defendant's purposeful interjection into the forum state's affairs; (2) the burden on the defendant; (3) conflicts of law between the forum and defendant's home jurisdiction; (4) the forum's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the dispute; (6) the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum. Sinatra, 854 F.2d at 1199-1201; Insurance Co. of North America v. Marina Salina Cruz, 649 F.2d 1266, 1270 (9th Cir. 1981) (first setting out factors). The Moving Defendants do not address any of these factors; rather they simply state that it would be unfair and inequitable for them to suffer the inconvenience of defending this suit in Washington. Defs.' Mot at 12; Reply at 11. The court finds that Mr. Breitbart has not met his burden on the third prong and that moreover, the balance of factors weighs in Plaintiffs' favor.

Because the court has determined that it has personal jurisdiction over Mr. Breitbart for the purposes of, at least, Plaintiffs' claims of fraud and breach of fiduciary duty, the court exercises its discretion to assert jurisdiction over Mr. Breitbart for the remaining two causes of action: breach of contract and copyright infringement. See Corp. v. Atlantic Embroidery, Inc., 368 F.3d 1174, 1181 (9th Cir. 2004) (court has discretion to exercise pendent jurisdiction over claims in the absence of minimum contacts). The breach of contract claim arises under the same common nucleus of operative fact as alleged under the fraud and fiduciary duty claims. See id. Pendant personal jurisdiction

ORDER – 8

as to the copyright claim is somewhat more tenuous; however, judicial economy and the avoidance of piecemeal jurisdiction strongly weighs in favor of this court's exercise of jurisdiction over this remaining cause of action. Accordingly, the court denies the Moving Defendants' motion to dismiss for lack of personal jurisdiction over Mr. Breitbart.

**C.    Jurisdiction Over Susannah Breitbart**

As to Mrs. Breitbart, Plaintiffs have not alleged any action on her part that would evidence a contact with Washington State, nor for that matter, any conduct whatsoever that relates to this lawsuit. Rather, Plaintiffs allege that Mr. Breitbart acted as an agent for his wife in the course of his business dealings.

Under California law, it is not necessary to name both spouses in order to bind the community estate. Reynolds & Reynolds Co. v. Universal Forms, Labels & Systems, Inc., 965 F. Supp. 1392, 1396 (C.D. Cal 1997) (citing Cal. Fam. Code § 910). In Reynolds, the court dismissed the wives of defendant-former employees from suit on a Fed. R. Civ. P. 12(b)(6) motion because the plaintiff-employer had not stated any cause of action against the wives, but rather named them solely to reach the community assets. Id. at 1397. Although a different procedural posture than the instant matter, the Reynolds case is instructive in that, applying California law, the court considered the actions of the spouses separately from one another. The court noted that, although it would have certainly allowed the wives to intervene as permissible parties had they been omitted from suit, the court would not force the unwilling spouses to participate in the litigation where no cause of action sounded against them individually. Id. By contrast, a federal district court applying Arizona law – which *does* require joinder of both spouses to obtain judgment against community property – exercised jurisdiction over a nonresident spouse

ORDER – 9

on the theory that the husband acted as the wife's agent. Essex Engineering Co. v. Credit Vending, Inc., 732 F. Supp. 311, 315 (D. Conn. 1990).

The court finds no justification for departing from the Reynolds rationale, particularly where Plaintiffs provide no authority for the proposition that Mr. Breitbart acted as Mrs. Breitbart's agent and that by virtue of this supposed relationship, the court has jurisdiction over Mrs. Breitbart. Indeed, Plaintiffs rely on Washington's statutory presumptions about community property liability and assert that, since California is also a community property state, California law must have analogous rules. In doing so, Plaintiffs not only fail to cite any California authority, but incorrectly focus on the question of *liability* which this court considers a separate question from that of personal jurisdiction. Further, there is no evidence that Mrs. Breitbart even knew or consented to any of Mr. Breitbart's alleged business dealings. Without more, the court declines to assert personal jurisdiction based on an out-dated presumption that an agency relationship between two individuals exists simply because they are married. See Restatement (Second) of Agency, § 22, comment b ("[n]either husband nor wife by virtue of the relation has power to act as agent for the other"); see also Kesler v. Pabst, 273 P.2d 257, 260 (Cal. 1954) (reasoning that the mere existence of a family relationship did not establish agency in context of negligence claim).

Moreover, as a general rule, courts consider personal jurisdiction as it relates to each individual defendant. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 416-17 (1984) ("unilateral activity of another party or a third person is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum State"). Thus, even if a unilateral act is done with a nonresident defendant's knowledge or acquiescence, such contact is insufficient. See Kulko v. California Superior Court, 436 U.S. 84, 93-94 (1978) (holding that no jurisdiction existed over

ORDER – 10

defendant-father based on his mere acquiescence to allow child to live in California). Against this backdrop, the court grants the Moving Defendants' motion to dismiss the case against Mrs. Breitbart for lack of personal jurisdiction. See <u>Magidow v. Coronado Cattle Co.</u>, 504 P.2d 961, 966 (Ariz. App. 1972) (finding no personal jurisdiction over California wife who had no contacts with forum state other than those arising from her membership in marital community).

### IV.   CONCLUSION

For the reasons stated above, the court holds that it has personal jurisdiction over Mr. Breitbart, but does not have jurisdiction over Mrs. Brietbart. Accordingly, the court DENIES in part and GRANTS in part the Moving Defendants' motion to dismiss (Dkt. # 14).

Dated this 5th day of June, 2006.

JAMES L. ROBART
United States District Judge